**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIO SANTIAGO MORALES, HECTOR JAVIER SANTIAGO LOPEZ, RAFAEL LUIS HERNANDEZ, RAFAEL SANTIAGO GOMEZ, ROLANDO SANTIAGO GOMEZ, and LEOBARDO LUIS CRUZ, *individually and on behalf of others similarly situated,*<br><br>*Plaintiffs,*<br><br>-against-<br><br>LOMBARDI'S PIZZA INC. (D/B/A LOMBARDI'S PIZZA), JOHN BRESCIO, MIKE BRESCIO, ISRAEL PEREZ, and GILBERTO DOE,<br><br>*Defendants* | 1:20-cv-06873-VEC<br><br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs JULIO SANTIAGO MORALES, HECTOR JAVIER SANTIAGO LOPEZ, RAFAEL LUIS HERNANDEZ, RAFAEL SANTIAGO GOMEZ, ROLANDO SANTIAGO GOMEZ, and LEOBARDO LUIS CRUZ (collectively, "Plaintiffs") on the one hand, and LOMBARDI'S PIZZA INC. (D/B/A LOMBARDI'S PIZZA), JOHN BRESCIO, MIKE BRESCIO, ISRAEL PEREZ, and GILBERTO DOE, (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, entitled Morales et al. v. Lombardi's Pizza Inc. et al., Civil Action No: 1:20-cv-06873-VEC (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of law or any liability to Plaintiffs and specifically deny all claims alleged in the Litigation. Furthermore, Defendants deny that they (a) violated any federal and state wage and hour and overtime laws, including the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") (along with their associated regulations) and (b) that all Defendants were employers as defined by the FLSA and/or NYLL during the period of time relevant to the Litigation; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation, on the terms and conditions hereinafter set forth; and

1231196.1

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained in this Agreement and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed by Plaintiffs and Defendants, having been represented by counsel, as follows:

1.  **Payment:** In exchange for the promises made herein by Plaintiffs and subject to the approval of this Agreement by the United States District Court for the Southern District of New York (hereinafter the "Court"), Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Fifty Four Thousand Dollars and No Cents (**$54,000.00**) (the "Settlement Amount") to be paid as follows:

| | |
|---|---|
| JULIO SANTIAGO MORALES | $3,361.69 |
| HECTOR JAVIER SANTIAGO LOPEZ | $3,924.38 |
| RAFAEL LUIS HERNANDEZ | $13,423.52 |
| RAFAEL SANTIAGO GOMEZ | $5,765.31 |
| ROLANDO SANTIAGO GOMEZ | $5,474.23 |
| LEOBARDO LUIS CRUZ | $3,600.87 |
| Michael Faillace and Associates, PC | $18,450.00 |

a. Two checks made payable to JULIO SANTIAGO MORALES as follows: One check in the gross amount of $1,680.85 payable by W2 and one check in the gross amount of $1,680.85 by 1099;

b. Two checks made payable to HECTOR JAVIER SANTIAGO LOPEZ as follows: One check in the gross amount of $1,962.19 payable by W2 and one check in the gross amount of $1,962.19 by 1099;

c. Two checks made payable to RAFAEL LUIS HERNANDEZ as follows: One check in the gross amount of $6,711.76 payable by W2 and one check in the gross amount of $6,711.76 by 1099;

d. Two checks made payable to RAFAEL SANTIAGO GOMEZ as follows: One check in the gross amount of $2,882.66 payable by W2 and one check in the gross amount of $2,882.66 by 1099;

e. Two checks made payable to ROLANDO SANTIAGO GOMEZ as follows: One check in the gross amount of $2,737.12 payable by W2 and one check in the gross amount of $2,737.12 by 1099;

f. Two checks made payable to LEOBARDO LUIS CRUZ as follows: One check in the gross amount of $1,800.43 payable by W2 and one check in the gross amount of $1,800.43 by 1099;

g. One check made payable to Michael Faillace and Associates, PC Michael A. Faillace, Esq., as Attorney for Plaintiffs in the amount of $18,450.00 entirely by 1099;

h. Defendants shall send all checks with Attn: Michael Faillace, Esq. Michael Faillace and Associates, PC, 60 East 42nd Street, Suite 4510, New York, New York 10165;

i. All checks referenced herein shall be for immediate deposit on or before 30 days after the Court's approval of this Agreement and dismissal of the Litigation with prejudice;

j. The parties agree that 50% of all monies paid to Plaintiffs shall constitute wages, for which an IRS Form W-2 shall be issued and 50% constitute liquidated damages and interest, for which an IRS Form 1099 shall be issued. Plaintiffs shall receive from Defendants, and Defendants shall file with the Internal Revenue Service, a Form W-2 and a Form 1099 reflecting payment to Plaintiff of that portion of the Settlement Amount designated as wages or liquidated damages and interest, respectively, which was received by them in the prior calendar year. Plaintiffs shall be responsible to pay all Federal, State and local taxes, if any, in connection with that portion of the Settlement Amount designated as liquidated damages which was received by them. Plaintiffs' counsel shall provide to Defendants' counsel a current address for Plaintiff for purposes of mailing IRS Forms W-2 and 1099 as described above.

k. Defendants shall issue a Form 1099 to Plaintiffs' counsel, Michael Faillace and Associates, PC, for the portion of the Settlement Amount payable as attorney's fees and costs.

l. Concurrently with the execution of this Agreement, Defendants shall execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed collectively hereto as Exhibit A. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than: (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., Defendants fail to submit the checks per the schedule above or one of the checks bounces, <u>and</u> (ii) Defendants fail to cure such default within (fourteen 14) days of receipt of written notice (to be delivered to Defendants by certified mail to Milman Labuda Law Group PLLC, Attn. Robert F. Milman Esq and Matthew A. Brown Esq, 3000 Marcus Ave., Suite 3W8, Lake Success, NY 11042 and via email to Robert F. Milman, Esq at rob@mmmlaborlaw.com and Matthew A. Brown, Esq at Matt@mllaborlaw.com. Upon payment of the Settlement Amount, Plaintiffs shall destroy and/or return the Confessions of Judgment to Defendants' counsel.

1. <u>Release and Covenant Not To Sue</u>: Plaintiffs, on behalf of themselves and their successors, assigns, heirs, executors and administrators, hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time has, had, claims or claimed to have against Defendants arising under the FLSA and NYLL (and their associated regulations), concerning unpaid wages, liquidated damages record-keeping violations and failure to provide proper wage statements along with claims for interest, attorneys' fees and costs that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind

that they have, had or claimed to have against Plaintiffs relating specifically to the wage and hour claims in the Litigation that have occurred as of the Effective Date of this Agreement.

2. <u>Settlement of Claims.</u> Except as otherwise stated, upon execution of this Agreement, all claims brought in the Litigation pursuant to the FLSA and NYLL for unpaid wages, liquidated damages record-keeping violations and failure to provide proper wage statements along with claims for interest, attorneys' fees and costs shall be deemed settled, satisfied and resolved, without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages.

3. <u>Plaintiffs' Commitments</u>: In exchange for the promises set forth herein, Plaintiffs agree to submit a motion for approval of this Agreement by the Court and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims asserted in the Litigation, including a stipulation of dismissal with prejudice which shall be filed with a motion for approval of this Agreement (see attached hereto as Exhibit "B").

4. <u>Mutual Non-Disparagement</u>. All parties each agree to not defame, disparage or demean one another. All parties shall not make any statement or disclosure to anyone or any oral or written statement relating to all parties, including, but not limited to, anything that is or could be seen as discriminatory, harassing, degrading or embarrassing to all parties.

5. <u>Carve-Out for Truthful Statements</u>: This Settlement Agreement shall not, in any way, prevent Plaintiffs from making truthful statements about the litigation and settlement of the FLSA and NYLL claims regardless of whether they have been subpoenaed or compelled to do so.

6. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

7. <u>Attorney's Fees.</u> Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for payment of attorneys' fees for the other party.

8. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

9. <u>Acknowledgments:</u> Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

10. <u>Notices</u>: Notices required under this Agreement shall be in writing. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510

New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Robert F. Milman, Esq. – Managing Partner
Matthew A. Brown, Esq. - Partner
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Ste. 3W8
Lake Success, NY 11042
(516) 303-1366 -direct
(516) 328-8899 -office
(516) 328-0082 –fax
Matthew Brown Matt@mllaborlaw.com

11. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

12. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

13. No Waiver. Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that terms, covenant or condition, or shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

14. Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledges that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

15. Competence to Waive Claims. Plaintiffs are competent to affect a knowing and voluntary release of all FLSA and NYLL claims, as contained herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement. No Plaintiff is a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair

his right to settle his FLSA and NYLL claims, to wave all such claims and to indemnify Defendants from any claims by or relating to him.

        16.    <u>Tax Treatment</u>:  Plaintiffs understand and agree that they are solely responsible for and will pay any and all taxes attributable to payment made under this Agreement, and that they will be solely responsible for the payment of all interest and penalties, if any, attributable to the payment made under this Agreement. Plaintiffs agree to defend and indemnify Defendants against any and all tax implications that Defendants may face as a result of the tendering the Settlement Amount.

Counterparts:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same **instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, ALL PARTIES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO ENTER INTO THIS SETTLEMENT AGREEMENT.**

## PLAINTIFFS

_____     Date: _____
JULIO SANTIAGO MORALES

_____*[signature]*_____     Date: April 28, 2021
HECTOR JAVIER SANTIAGO LOPEZ

_____     Date: _____
RAFAEL LUIS HERNANDEZ

_____     Date: _____
RAFAEL SANTIAGO GOMEZ

_____     Date: _____
ROLANDO SANTIAGO GOMEZ

_____     Date: _____
LEOBARDO LUIS CRUZ

## DEFENDANTS

_____     Date: _____
LOMBARDI'S PIZZA INC. (D/B/A LOMBARDI'S PIZZA)

_____     Date: _____
JOHN BRESCIO

_____     Date: _____
MIKE BRESCIO

Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, ALL PARTIES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO ENTER INTO THIS SETTLEMENT AGREEMENT.**

### PLAINTIFFS

_____     Date: _____
JULIO SANTIAGO MORALES

_____     Date: _____
HECTOR JAVIER SANTIAGO LOPEZ

_____     Date: 05-3-21
RAFAEL LUIS HERNANDEZ

_____     Date: 04-30-21
RAFAEL SANTIAGO GOMEZ

_____     Date: _____
ROLANDO SANTIAGO GOMEZ

_____     Date: 5/3/21
LEOBARDO LUIS CRUZ

### DEFENDANTS

_____     Date: _____
LOMBARDI'S PIZZA INC. (D/B/A
LOMBARDI'S PIZZA)

_____     Date: _____
JOHN BRESCIO

_____     Date: _____
MIKE BRESCIO

<u>Counterparts</u>:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same **instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, ALL PARTIES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO ENTER INTO THIS SETTLEMENT AGREEMENT.**

**PLAINTIFFS**

_____   Date: April 29, 2021
JULIO SANTIAGO MORALES

_____   Date: _____
HECTOR JAVIER SANTIAGO LOPEZ

_____   Date: _____
RAFAEL LUIS HERNANDEZ

_____   Date: _____
RAFAEL SANTIAGO GOMEZ

_____   Date: _____
ROLANDO SANTIAGO GOMEZ

_____   Date: _____
LEOBARDO LUIS CRUZ

**DEFENDANTS**

_____   Date: _____
LOMBARDI'S PIZZA INC. (D/B/A
LOMBARDI'S PIZZA)

_____   Date: _____
JOHN BRESCIO

_____   Date: _____
MIKE BRESCIO

<u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same **instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, ALL PARTIES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO ENTER INTO THIS SETTLEMENT AGREEMENT.**

### PLAINTIFFS

_____       Date:_____
JULIO SANTIAGO MORALES

_____       Date:_____
HECTOR JAVIER SANTIAGO LOPEZ

_____       Date:_____
RAFAEL LUIS HERNANDEZ

_____       Date:_____
RAFAEL SANTIAGO GOMEZ

_____       Date: April 30, 2021
ROLANDO SANTIAGO GOMEZ

_____       Date:_____
LEOBARDO LUIS CRUZ

### DEFENDANTS

_____       Date:_____
LOMBARDI'S PIZZA INC. (D/B/A
LOMBARDI'S PIZZA)

_____       Date:_____
JOHN BRESCIO

_____       Date:_____
MIKE BRESCIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JULIO SANTIAGO MORALES, HECTOR JAVIER SANTIAGO LOPEZ, RAFAEL LUIS HERNANDEZ, RAFAEL SANTIAGO GOMEZ, ROLANDO SANTIAGO GOMEZ, and LEOBARDO LUIS CRUZ, *individually and on behalf of others similarly situated,*

*Plaintiffs,*

-against-

LOMBARDI'S PIZZA INC. (D/B/A LOMBARDI'S PIZZA), JOHN BRESCIO, MIKE BRESCIO, ISRAEL PEREZ, and GILBERTO DOE,

*Defendants*

---

1:20-cv-06873-VEC

**SETTLEMENT AGREEMENT AND RELEASE**

---

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs JULIO SANTIAGO MORALES, HECTOR JAVIER SANTIAGO LOPEZ, RAFAEL LUIS HERNANDEZ, RAFAEL SANTIAGO GOMEZ, ROLANDO SANTIAGO GOMEZ, and LEOBARDO LUIS CRUZ (collectively, "Plaintiffs") on the one hand, and LOMBARDI'S PIZZA INC. (D/B/A LOMBARDI'S PIZZA), JOHN BRESCIO, MIKE BRESCIO, ISRAEL PEREZ, and GILBERTO DOE, (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, entitled Morales et al. v. Lombardi's Pizza Inc. et al., Civil Action No: 1:20-cv-06873-VEC (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of law or any liability to Plaintiffs and specifically deny all claims alleged in the Litigation. Furthermore, Defendants deny that they (a) violated any federal and state wage and hour and overtime laws, including the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") (along with their associated regulations) and (b) that all Defendants were employers as defined by the FLSA and/or NYLL during the period of time relevant to the Litigation; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation, on the terms and conditions hereinafter set forth; and

1231196.1

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained in this Agreement and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed by Plaintiffs and Defendants, having been represented by counsel, as follows:

1. <u>Payment</u>: In exchange for the promises made herein by Plaintiffs and subject to the approval of this Agreement by the United States District Court for the Southern District of New York (hereinafter the "Court"), Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Fifty Four Thousand Dollars and No Cents (**$54,000.00**) (the "Settlement Amount") to be paid as follows:

| | |
|---|---|
| JULIO SANTIAGO MORALES | $3,361.69 |
| HECTOR JAVIER SANTIAGO LOPEZ | $3,924.38 |
| RAFAEL LUIS HERNANDEZ | $13,423.52 |
| RAFAEL SANTIAGO GOMEZ | $5,765.31 |
| ROLANDO SANTIAGO GOMEZ | $5,474.23 |
| LEOBARDO LUIS CRUZ | $3,600.87 |
| Michael Faillace and Associates, PC | $18,450.00 |

a. Two checks made payable to JULIO SANTIAGO MORALES as follows: One check in the gross amount of $1,680.85 payable by W2 and one check in the gross amount of $1,680.85 by 1099;

b. Two checks made payable to HECTOR JAVIER SANTIAGO LOPEZ as follows: One check in the gross amount of $1,962.19 payable by W2 and one check in the gross amount of $1,962.19 by 1099;

c. Two checks made payable to RAFAEL LUIS HERNANDEZ as follows: One check in the gross amount of $6,711.76 payable by W2 and one check in the gross amount of $6,711.76 by 1099;

d. Two checks made payable to RAFAEL SANTIAGO GOMEZ as follows: One check in the gross amount of $2,882.66 payable by W2 and one check in the gross amount of $2,882.66 by 1099;

e. Two checks made payable to ROLANDO SANTIAGO GOMEZ as follows: One check in the gross amount of $2,737.12 payable by W2 and one check in the gross amount of $2,737.12 by 1099;

f. Two checks made payable to LEOBARDO LUIS CRUZ as follows: One check in the gross amount of $1,800.43 payable by W2 and one check in the gross amount of $1,800.43 by 1099;

g. One check made payable to Michael Faillace and Associates, PC Michael A. Faillace, Esq., as Attorney for Plaintiffs in the amount of $18,450.00 entirely by 1099;

    h. Defendants shall send all checks with Attn: Michael Faillace, Esq. Michael Faillace and Associates, PC, 60 East 42nd Street, Suite 4510, New York, New York 10165;

    i. All checks referenced herein shall be for immediate deposit on or before 30 days after the Court's approval of this Agreement and dismissal of the Litigation with prejudice;

    j. The parties agree that 50% of all monies paid to Plaintiffs shall constitute wages, for which an IRS Form W-2 shall be issued and 50% constitute liquidated damages and interest, for which an IRS Form 1099 shall be issued. Plaintiffs shall receive from Defendants, and Defendants shall file with the Internal Revenue Service, a Form W-2 and a Form 1099 reflecting payment to Plaintiff of that portion of the Settlement Amount designated as wages or liquidated damages and interest, respectively, which was received by them in the prior calendar year. Plaintiffs shall be responsible to pay all Federal, State and local taxes, if any, in connection with that portion of the Settlement Amount designated as liquidated damages which was received by them. Plaintiffs' counsel shall provide to Defendants' counsel a current address for Plaintiff for purposes of mailing IRS Forms W-2 and 1099 as described above.

    k. Defendants shall issue a Form 1099 to Plaintiffs' counsel, Michael Faillace and Associates, PC, for the portion of the Settlement Amount payable as attorney's fees and costs.

    l. Concurrently with the execution of this Agreement, Defendants shall execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed collectively hereto as Exhibit A. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than: (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., Defendants fail to submit the checks per the schedule above or one of the checks bounces, <u>and</u> (ii) Defendants fail to cure such default within (fourteen 14) days of receipt of written notice (to be delivered to Defendants by certified mail to Milman Labuda Law Group PLLC, Attn. Robert F. Milman Esq and Matthew A. Brown Esq, 3000 Marcus Ave., Suite 3W8, Lake Success, NY 11042 and via email to Robert F. Milman, Esq at rob@mmmlaborlaw.com and Matthew A. Brown, Esq at Matt@mllaborlaw.com. Upon payment of the Settlement Amount, Plaintiffs shall destroy and/or return the Confessions of Judgment to Defendants' counsel.

  1. <u>Release and Covenant Not To Sue</u>: Plaintiffs, on behalf of themselves and their successors, assigns, heirs, executors and administrators, hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time has, had, claims or claimed to have against Defendants arising under the FLSA and NYLL (and their associated regulations), concerning unpaid wages, liquidated damages record-keeping violations and failure to provide proper wage statements along with claims for interest, attorneys' fees and costs that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind

that they have, had or claimed to have against Plaintiffs relating specifically to the wage and hour claims in the Litigation that have occurred as of the Effective Date of this Agreement.

2. Settlement of Claims. Except as otherwise stated, upon execution of this Agreement, all claims brought in the Litigation pursuant to the FLSA and NYLL for unpaid wages, liquidated damages record-keeping violations and failure to provide proper wage statements along with claims for interest, attorneys' fees and costs shall be deemed settled, satisfied and resolved, without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages.

3. Plaintiffs' Commitments: In exchange for the promises set forth herein, Plaintiffs agree to submit a motion for approval of this Agreement by the Court and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims asserted in the Litigation, including a stipulation of dismissal with prejudice which shall be filed with a motion for approval of this Agreement (see attached hereto as Exhibit "B").

4. Mutual Non-Disparagement. All parties each agree to not defame, disparage or demean one another. All parties shall not make any statement or disclosure to anyone or any oral or written statement relating to all parties, including, but not limited to, anything that is or could be seen as discriminatory, harassing, degrading or embarrassing to all parties.

5. Carve-Out for Truthful Statements: This Settlement Agreement shall not, in any way, prevent Plaintiffs from making truthful statements about the litigation and settlement of the FLSA and NYLL claims regardless of whether they have been subpoenaed or compelled to do so.

6. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

7. Attorney's Fees. Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for payment of attorneys' fees for the other party.

8. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

9. Acknowledgments: Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

10. Notices: Notices required under this Agreement shall be in writing. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510

New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Robert F. Milman, Esq. – Managing Partner
Matthew A. Brown, Esq. - Partner
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Ste. 3W8
Lake Success, NY 11042
(516) 303-1366 -direct
(516) 328-8899 -office
(516) 328-0082 –fax
Matthew Brown Matt@mllaborlaw.com

11. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

12. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

13. No Waiver. Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that terms, covenant or condition, or shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

14. Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledges that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

15. Competence to Waive Claims. Plaintiffs are competent to affect a knowing and voluntary release of all FLSA and NYLL claims, as contained herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement. No Plaintiff is a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair

his right to settle his FLSA and NYLL claims, to wave all such claims and to indemnify Defendants from any claims by or relating to him.

      16.    <u>Tax Treatment</u>: Plaintiffs understand and agree that they are solely responsible for and will pay any and all taxes attributable to payment made under this Agreement, and that they will be solely responsible for the payment of all interest and penalties, if any, attributable to the payment made under this Agreement. Plaintiffs agree to defend and indemnify Defendants against any and all tax implications that Defendants may face as a result of the tendering the Settlement Amount.

Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same **instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 1 ABOVE, ALL PARTIES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO ENTER INTO THIS SETTLEMENT AGREEMENT.**

### PLAINTIFFS

_____ Date: _____
JULIO SANTIAGO MORALES

_____ Date: _____
HECTOR JAVIER SANTIAGO LOPEZ

_____ Date: _____
RAFAEL LUIS HERNANDEZ

_____ Date: _____
RAFAEL SANTIAGO GOMEZ

_____ Date: _____
ROLANDO SANTIAGO GOMEZ

_____ Date: _____
LEOBARDO LUIS CRUZ

### DEFENDANTS

_____[signature]_____ Date: March 12, 2021
LOMBARDI'S PIZZA INC. (D/B/A LOMBARDI'S PIZZA)

_____[signature]_____ Date: 03/12/21
JOHN BRESCIO

_____[signature]_____ Date: March 12. 21
MIKE BRESCIO

_(signature)_ Date: 03/12/21
ISRAEL PEREZ

_(signature)_ Date: 03/12/21
GILBERTO DOE